Argued and submitted February 3, reversed and remanded February 26, 1986

In the Matter of the Estate of
Madge Elrod, Deceased.

ESTATE OF MADGE ELROD et al,
*Respondents,*

*v.*

STATE OF OREGON by and through the
ADULT AND FAMILY SERVICES DIVISION,
Estate Administration Unit,
Department of Human Resources,
*Appellant.*

(2492-A; CA A35742)

714 P2d 1116

Jeff Bennett, Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were Dave

Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Ralph G. Monson, Baker, argued the cause and filed the brief for respondent Carlyle Staab, Personal Representative of the Estate of Madge Elrod, deceased.

No appearance for respondents Herbert Dean Cram, Marjorie Alexander, Wayne Alexander, Robert D. Gibbs and Arletta Gibbs.

Before Joseph, Chief Judge, and Warren and Rossman, Judges.

PER CURIAM

## PER CURIAM

Decedent had received old age assistance benefits and medical care from the state. The state filed two claims against her estate to recover compensation for the assistance provided. Shortly before her death, neighbors had obtained her signature on a deed which conveyed her personal residence, her only significant asset, to them. The personal representative for the estate hired an attorney, under a 40 percent contingency fee agreement, to file an action to set aside the conveyance for lack of consideration. The conveyance was set aside, and the state's claims were allowed. However, the probate court reduced the state's recovery by 40 percent to reflect the attorney fees. The state argues that the fees were an administrative expense incurred by the personal representative and should have been charged against the whole estate in accordance with the priority statute and not charged directly and solely to the property recovered. *See* ORS 115.125. We agree.

Reversed and remanded.